UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **IREDELL SANDERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.  3:20-cv-00674-JD-MGG |
| | ) |
| **INDIANA DEPARTMENT OF** | ) |
| **CHILD SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, Indiana Department of Child Services ("DCS") and April Monique Jones, by counsel, Deputy Attorney General Conner R. Dickerson, pursuant to Fed. R. Civ. P. 12(c), respectfully submit this brief in support of their motion for judgment on the pleadings. This case should be dismissed because even if every fact alleged in Plaintiff's Amended Complaint is taken as true, Plaintiff has not stated a claim upon which relief can be granted.

### I.    FACTUAL BACKGROUND

On June 11, 2016, Plaintiff alleges that Defendant Jones entered his home without probable cause to take photographs. In doing so, Plaintiff alleges that Defendants violated the Fourth Amendment and seeks $124,000,000.00 in damages and a cease and desist order. Defendants Jones and DCS are entitled to judgment on the pleadings because Plaintiff's claims are barred by res judicata and the Eleventh Amendment to the United States Constitution.

1

## II.   LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Motions for judgment on the pleadings "employ the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)). Thus, to survive a motion for judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (quoting *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). A court accepts as true the facts alleged in the complaint. *St. John*, 822 F.3d at 388. However, a district court need not accept as true any legal assertions. *Lodholtz*, 778 F.3d at 639 (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)). Like Rule 12(b) motions, a Rule 12(c) motion is to be granted "only if it appears beyond doubt that [the plaintiffs] cannot prove any facts that would support [their] claim for relief." *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 824 (7th Cir. 2016) (*quoting Buchanan-Moore*, 570 F.3d at 827).

Furthermore, "when the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); see also *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose

2

allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)").

### III. ARGUMENT

Though Plaintiff's Complaint is difficult to decipher, his federal claims against Defendants DCS and Jones are barred by the doctrine of res judicata, Eleventh Amendment immunity, and that DCS is not a "person" subject to suit pursuant to 42 U.S.C. § 1983.

**a. The doctrine of res judicata bars Plaintiff's claim.**

Res judicata determines the outcome of this suit. Res judicata, or claim preclusion, bars the relitigating of claims if "the cause of action has been fully and finally determined on the merits between the same parties by a court of competent jurisdiction." *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008); *Jarrard v. CDI Telecomms., Inc*., 408 F.3d 905, 916 (7th Cir. 2005). Res judicata bars not only those issues actually decided in the prior suit, but all other issues which could have been brought. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994). A dismissal for failure to state a claim under Rule 12(b)(6) is a dismissal within the meaning of Rule 41(b) and therefore constitutes an adjudication on the merits. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 at n. 3(1981); *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971).

On April 8, 2019, Plaintiff filed a complaint[1] against Defendant DCS and other case workers for, among other claims, entering his home without a court order to take photographs in violation of 42 U.S.C. § 1983. The District Court dismissed his case for failure to state a claim upon which relief could be granted due to Defendants' Eleventh Amendment immunity. Plaintiff

---

[1] Plaintiff filed his Complaint in the Northern District of Indiana, South Bend Division under cause number 3:19-cv-276-DRL-MGG.

3

then appealed[2] to the Seventh Circuit Court of Appeals. In a per curium decision, the Seventh Circuit affirmed the District Court's judgment. In doing so, the Court of Appeals noted that Plaintiff only sued Defendant DCS, and "nothing in his appellate brief suggests that he wanted to amend." *Sanders v. Indiana Dept. of Child Services*, 806 Fed. Appx. 478, 481 (7th Cir. 2020) (unpublished). Plaintiff could have brought another claim against Defendant Jones but failed to do so. In the present case, Plaintiff sues Defendants DCS and Jones for allegedly entering his home in violation of his civil rights, which is a substantially similar claim as his 2019 cause of action that was fully adjudicated. Therefore, Plaintiff litigated this claim on the merits against the same Defendant in a court of competent jurisdiction, and the present cause of action is barred by res judicata.

    **b. Defendant DCS was never properly served.**

Plaintiff's claim against Defendant DCS cannot proceed because due to defective service of process. Indiana Rule of Trial Procedure 4.6(A)(3) controls the service of process upon a governmental entity. That section states that "[s]ervice upon an organization *may* be made as follows: In the case of a state governmental organization upon the executive officer thereof *and also* upon the Attorney General." *State v. Omega Painting, Inc.,* 463 N.E.2d 287, 290 (Ind. App. 1st Dist. 1984); *Smock v. State ex rel. Cohen*, 272 N.E.2d 611, 613 (Ind. 1971).

On March 22, 2021, service of process was issued to the Department of Child Services at the South Bend office. (ECF 9). Pursuant to Indiana Trial Rule of Procedure 4.6(C), Plaintiff did not show upon an affidavit or in the return that service could not be made as provided in subdivision A of that rule. It is only upon showing that service cannot be made upon the executive officer and also upon the Indiana Attorney General that service may be made by leaving a copy of

---

[2] Case number 19-3067. *See Sanders v. Indiana Dept. of Child Services*, 806 Fed. Appx. 478 (7th Cir. 2020) (unpublished).

the summons and complaint at any office of such organization located within the State, such as the DCS South Bend office. Moreover, the Indiana Attorney General was not served with the original service of process on March 22, 2021. Therefore, Plaintiff's claim cannot proceed.

   c. **Plaintiff fails to state a claim under 42 U.S.C. § 1983.**

Though not explicitly stated in his complaint, Plaintiff appears to bring this claim under to 42 U.S.C. § 1983. Where a plaintiff generally alleges violations of rights protected by the United States Constitution, courts will construe the complaint as bringing a cause of action pursuant to Section 1983. *See, e.g., Baker v. AME Church Judicial Council*, 320 F. Supp. 2d 786, 788 (N.D. Ind. 2004) ("Because Elder Baker alleges violation of rights protected by the United States Constitution, this court will treat his claims as having been brought under 42 U.S.C. § 1983 …..") (*citing Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir.1984)); *Boyd v. Anderson*, 265 F. Supp. 2d 952, 957 (N.D. Ind. 2003) ("Because the plaintiffs allege that state officials violated rights protected by the United States Constitution, this court construes their complaint as bringing an action pursuant to 42 U.S.C. § 1983."). Plaintiff alleges that Defendants DCS and Jones violated his Fourth Amendment rights upon entering his home to take photographs without probable cause. (ECF 5 at 4). Such a claim implicates Plaintiff's Fourth Amendment rights, and therefore his Complaint is construed as bringing a cause of action pursuant to Section 1983.

   d. **DCS and Defendant Jones are entitled to Eleventh Amendment immunity.**

Plaintiff's claims against Defendant DCS must fail because the Eleventh Amendment precludes him from obtaining the relief he seeks. The Eleventh Amendment provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI; *Indiana Prot. & Advocacy*

*Services v. Indiana Family & Soc. Services Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) cert. denied, 131 S. Ct. 2149 (2011). The United States Supreme Court has consistently determined that an unconsenting State is immune from suits brought in federal courts by its own citizens, as well as by citizens of another state. *Id.* (citing *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974)). If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. *Id.* Sovereign immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984). DCS is created by Indiana law, Ind. Code § 31-25-1-1, and is a state agency. *East v. Lake County Sheriff*, 2015 WL 5286920, at *5 (N.D. Ind. Sept. 9, 2015) ("However, there is no question that DCS is a branch of the State of Indiana."). Therefore, as a state agency, DCS is entitled to immunity in federal court and all claims against it must be dismissed.

Plaintiffs' Section 1983 claim against Defendant Jones in her official capacity is also barred by the Eleventh Amendment. A plaintiff can circumvent the Eleventh Amendment by suing a state official in his or her official capacity for prospective injunctive relief. *Kroll*, 934 F.2 at 907-908. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 (1978)). "Official-capacity suits for retrospective relief—i.e., money damages payable from the state treasury—generally implicate the Eleventh Amendment in the absence of a waiver by the state or a valid congressional override." *Kroll,* 934 F.2d at 907-908. Under an exception to the general rule, however, official-capacity actions may not be barred by the Eleventh Amendment insofar as they request prospective relief—

i.e., an injunction or a declaratory judgment and monetary damages that are "ancillary" to either. *Graham*, 473 U.S. at 169 n. 18; *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Here, Plaintiff sues Defendant Jones in her role as a caseworker for entering his home to take photographs in violation of the Fourth Amendment. Plaintiff seeks $124,000,000.00 and a "cease and desist." (ECF 5 at 3). Plaintiff fails to specify what he wants Defendants DCS and Jones to stop doing. Indeed, Plaintiff alleges an isolated incident that occurred over five years ago, and it is difficult to determine what prospective relief Plaintiff seeks. Simply put, Plaintiff has not sufficiently pleaded that Defendants are going to commit a future harm thus necessitating injunctive relief. Because Indiana has not waived its sovereign immunity regarding Section 1983 claims and Congress has not abrogated it, and because Plaintiffs have not sued for prospective injunctive relief under *Ex Parte Young*, the official capacity claims against Defendant jones are barred by the Eleventh Amendment.

## IV.   CONCLUSION

For the foregoing reasons, the Indiana Department of Child Services and April Jones respectfully request this Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

THEODORE E. ROKITA
INDIANA ATTORNEY GENERAL
Attorney No. 18857-49

Dated: July 21, 2021        By:   Conner R. Dickerson
Deputy Attorney General
Attorney No. 36374-49
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-6875
Fax:    (317) 232-7979
Email:  Conner.Dickerson@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that on July 21, 2021, I mailed, by United States Postal Service, first-class postage prepaid, the document to the following non CM/ECF participants:

Iredell Sanders
924 West Indiana Street
South Bend, IN 46613

                                              */s / Conner R. Dickerson*
                                              Conner R. Dickerson
                                              Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone:  (317) 234-6875
Fax:     (317) 232-7979
Email:  Conner.Dickerson@atg.in.gov