UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IREDELL SANDERS, | |
|     Plaintiff, | |
| v. | Case No. 3:20-CV-674 JD |
| INDIANA DEPARTMENT OF CHILD SERVICES, APRIL MONIQUE JONES, | |
|     Defendants. | |

**OPINION AND ORDER**

This case concerns the entry of an Indiana Department of Child Services (DCS) caseworker, April Monique Jones, into the house of Iredell Sanders. Mr. Sanders' factual allegations in his First Amended Complaint are unclear and sparse, but the Court does its best to recount them. On June 11, 2016, Mr. Sanders alleges that April Monique Jones entered his home and began taking pictures of the house without any permission. (DE 5 at 4.) After investigating the conditions of Mr. Sanders' home, DCS removed his children. (DE 1 at 5.) Mr. Sanders alleges that Ms. Jones' entry onto his property violated his Fourth Amendment rights because it was without probable cause and consent. (*Id.*) He seeks $124,000,000.00 in damages and a cease-and-desist order. (*Id.*)

Prior to filing the instant suit, Mr. Sanders filed a lawsuit against DCS alone on April 8, 2019. Mr. Sanders made very similar factual allegations to the instant case, alleging that DCS investigated him, "took photographs of the home, and questioned his children," which resulted in his children being taken away and being placed with a guardian. *Sanders v. Dep't of Child Servs.*, No. 3:19-CV-276 DRL-MGG, 2019 WL 4752766, at *1 (N.D. Ind. Sept. 27, 2019). DCS filed a motion to dismiss under Rule 12(b)(6). *Id.* The District Court found that the Eleventh

Amendment barred Mr. Sanders' suit against DCS and granted the motion to dismiss. *Id.* at *2. The Seventh Circuit then affirmed this holding on appeal because DCS was not a suable "person" under § 1983. *Sanders v. Indiana Dep't of Child Servs.*, 806 F. App'x 478, 481 (7th Cir. 2020). In affirming the District Court's holding, the Seventh Circuit wrote that Mr. Sanders "made clear in his complaint that he intended to sue only the Department, not any individual," which justified not giving him leave to amend. *Id.*

Mr. Sanders filed the instant suit on August 11, 2020, naming 15 defendants in his Complaint. (DE 1 at 1.) The Court dismissed this complaint with leave to amend, advising Mr. Sanders that in his amended complaint he should "name the individuals responsible for his claims as defendants (unless they are immune) and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for violating his federal rights." (DE 4 at 2.) In his First Amended Complaint, Mr. Sanders pared down the number of defendants to just two, the Indiana Department of Child Services and Ms. Jones. (DE 5.) On July 21, 2021, both defendants filed an answer to the First Amended Complaint and a motion for judgment on the pleadings. (DE 16; DE 17.) Mr. Sanders did not file a response to this motion and the time to do so has passed. For the reasons stated below, the Court grants the Defendants' Motion for Judgment on the Pleadings and DISMISSES the case with prejudice. (DE 17.)

**A.    Standard of Review**

The Defendants move to dismiss the claims against them under Rule 12(c) of the Federal Rules of Civil Procedure. (DE 17.) In ruling on this motion, the Court is cognizant that a "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

2

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Rule 12(c) permits a party to move for judgment on the pleadings after the parties have filed a complaint and answer. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). In evaluating such a motion, the Court considers the allegations in the complaint and any admissions in the answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The Court construes the pleadings in the light most favorable to the non-moving party. *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). A motion for judgment on the pleadings can be granted when, viewed in that light, the pleadings establish that the non-movant is not entitled to relief. *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017).

**B.     Discussion**

Mr. Sanders' sole claim against the State of Indiana is that he deserves relief because his Fourth Amendment rights were violated. "Because the plaintiff[] allege[s] that state officials violated rights protected by the United States Constitution, this court construes [his] complaint as bringing an action pursuant to 42 U.S.C. § 1983." *Boyd v. Anderson*, 265 F. Supp. 2d 952, 957 (N.D. Ind. 2003) (citing *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984)). Federal Courts have jurisdiction pursuant to § 1983 to hear lawsuits that allege violations of constitutional rights by persons acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Defendants argue the case should be dismissed for four reasons. First, they argue the claims are barred by the doctrine of res judicata. (DE 18 at 3.) Second, they argue that service on the Indiana Department of Child Services was defective. (*Id.* at 4.) Third, they argue that the Indiana Department of Child Services is not a "person" subject to suit pursuant to § 1983. (*Id.* at 3.) Fourth, they argue that Defendants have Eleventh Amendment immunity. (*Id.* at 5–7.) The Court agrees that res judicata bars the suit and does not address the remaining arguments.

Res judicata, or claim preclusion, bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Res judicata bars a claim when three elements are met: (1) there is a final judgment on the merits in an earlier action; (2) the dispute in the instant suit arises from the same transaction; and (3) the same litigants are involved, either directly or through privity. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009). Here, each element is met.

First, there has been a final judgment on the merits in an earlier action. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). As discussed earlier, the District Court dismissed a prior suit brought by Mr. Sanders pursuant to Rule 12(b)(6).

Second, the dispute in the instant suit arises from the same transaction as that previous suit. "'[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations.'" *Tart*, 453 F.3d at 822 (quoting *Manicki v. Zeilmann,* 443 F.3d 922, 925 (7th Cir. 2006)). The facts should be examined "at a sufficient level of specificity to

ensure fair notice to the parties and predictability." *Id.* Here, the factual allegations in the instant suit are nearly identical to the factual allegations in the previous suit.

Third, the same litigants are involved because DCS was a party in the previous litigation and Ms. Jones is in privity with DCS. While DCS is clearly the same party as the previous litigation, the analysis as to Ms. Jones is more complex. "[I]n *official-capacity* suits, privity exists between government entities and their employees." Gray v. Lacke, 885 F.2d 399, 405 (7th Cir. 1989) (italics added) (citing *Beard v. O'Neal*, 728 F.2d 894, 897 (7th Cir. 1984)). Mr. Sanders' First Amended Complaint does not expressly say whether he is suing Ms. Jones' in her official capacity or in her individual capacity. Therefore, the Court must determine what capacity Ms. Jones is being sued in.

Where a complaint is devoid of an express statement regarding the capacity an official is being sued in, the Court takes a "sensible approach" which examines whether there is "indicia of an official policy or custom" present in the complaint." *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). If there is "indicia of an official policy or custom" present, then the Court will presume that it is an "official capacity suit." *Id.*

While Mr. Sanders' complaint is difficult to decipher, he does explicitly reference Ms. Jones' position as a "DCS Family Case Worker." (DE 5 at 4.) An explicit reference to a Defendant's official position weighs in favor of finding that the suit is in an official capacity. *Hill*, 924 F.2d at 1374 ("[I]t was clear from the complaint in that case that the defendant was being sued in his official capacity only in part because the complaint refers explicitly to the full, official title of the defendant . . . ."). Additionally, if the "allegations clearly establish that it is the defendant's actions in h[er] official capacity that form the basis for the constitutional deprivation which is alleged," then the Court ordinarily assumes the official was sued only in her

official capacity. *Id.* Here, Mr. Sanders alleges that there was "collusion" between Ms. Jones with DCS. (DE 5 at 5.) While Mr. Sanders is unclear about what exactly DCS and Ms. Jones colluded about, it appears he is alleging that Ms. Jones investigated Mr. Sanders' home pursuant to her duties as a caseworker for DCS, which supports a finding he is suing her in an official capacity. The form of remedy Mr. Sanders seeks also supports a finding that he is suing Ms. Jones in her official capacity. Mr. Sanders seeks a "cease and desist," which is construed as a request for injunctive relief. *See, e.g., Bolden v. Comm'r of the Internal Revenue*, No. 07 C 6787, 2008 WL 4613899, at *2 (N.D. Ill. Oct. 10, 2008) (finding that a pro se plaintiff's request for the Court to order the IRS to cease and desist from further attempts to collect taxes was a request for injunctive relief). However, "injunctive relief against a state official may be recovered only in an official capacity suit." *Hill*, 924 F.2d at 1374. Therefore, because Mr. Sanders explicitly references Ms. Jones' title, alleges actions of Ms. Jones which involve her doing her job as a caseworker, and seeks injunctive relief as a remedy, the Court finds that she is being sued in her official capacity alone.

Because all three elements of res judicata have been met as to both parties, the Court finds that Mr. Sanders' claims against both DCS and Ms. Jones cannot be relitigated. Accordingly, Defendants' Motion for Judgment on the Pleadings is granted (DE 17), and the claims against the Indiana Department of Child Services and Ms. Jones are **DISMISSED WITH PREJUDICE**.

SO ORDERED.

ENTERED: October 8, 2021

             /s/ JON E. DEGUILIO
             Chief Judge
             United States District Court